IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FRANKLIN LAMAR BACON,

    Plaintiff,

v.

CIVIL ACTION NO.: CV612-053

UNITED STATES OF AMERICA;
TYSON STEPHENS; MR. MARTIE;
MS. FAY; and EMANUEL COUNTY
FEDERAL UNIT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Calhoun State Prison in Morgan, Georgia, filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement at the "Emanuel County Federal Jail Unit" in Swainsboro, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was housed in the Emanuel County Federal Jail Unit between September 2009 and November 2009. During this time, Plaintiff asserts that he had several serious medical needs and did not receive proper medical care for these needs. Plaintiff executed his Complaint on July 9, 2012, and it was filed in this Court on July 13, 2012.

The statute of limitations period for section 1983 complaints "is typically determined according to the state law period for personal injury torts." Williams v. Barrett, 287 F. App'x 768, 770 (11th Cir. 2008) (citing City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 123 n.3 (2005)). Plaintiff's claims stem from events which allegedly occurred in Georgia, and, in Georgia, the applicable statute of limitations period is two (2) years. O.C.G.A. § 9-3-33. "The limitations period begins to run when

the cause of action accrues, and this is a question of federal law. Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010) (citing Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996)).

Plaintiff knew his condition in November 2009 at the latest. Plaintiff should have filed his cause of action before November 2011, for his Complaint to be considered timely filed. As Plaintiff did not file his Complaint until July 13, 2012, his Complaint should be dismissed as being untimely filed.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE